## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| SHANNON BROOKS, | ) | |
| | ) | Civil Action File No._____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| PEACHTREE HOSPICE OF | ) | |
| GEORGIA, LLC D/B/A | ) | |
| BRIDGEWAY HOSPICE | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff Shannon Brooks ("Plaintiff" or "Ms. Brooks") files this Complaint for Equitable Relief and Damages against Peachtree Hospice of Georgia, LLC d/b/a BridgeWay Hospice ("BridgeWay" or "Defendant") showing the Court the following:

### INTRODUCTION

1.      This is an action under Title I of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 ("ADA"), 42 U.S.C. § 12101 *et seq.*, to correct unlawful employment practices based on disability, to vindicate Plaintiff Brooks' rights, and to make her whole.  Ms. Brooks seeks injunctive and declaratory relief, back pay and lost benefits, front pay or

reinstatement to a full-time position with commensurate benefits, compensatory and punitive damages, and attorney's fees and costs of litigation.

2.     Ms. Brooks brings this action because Bridgeway terminated her employment because: (1) Ms. Brooks had an actual impairment, a record of actual impairment, or BridgeWay regarded her as having an impairment; and (2) Ms. Brooks has an impairment that actually and substantially limits her in one or more major life activities for which she requested a reasonable accommodation – short-term disability leave.  Ms. Brooks also brings a claim for retaliation in violation of the ADA based on the protected conduct of requesting an accommodation under the ADA.

## Jurisdiction and Venue

3.     Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 12101 *et seq.*, 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

4.     Venue is proper in this district and division under 28 U.S.C. § 1391 because Defendant Bridgeway conducts business in this district and division and the unlawful actions and practices alleged herein were committed within the Northern District of Georgia.

**Exhaustion of Administrative Remedies**

5.      On March 22, 2018, Ms. Brooks filed a charge of discrimination –
Charge No. 410-2018-04409 – with the Equal Employment Opportunity
Commission within 180 days of the occurrence of the acts of which she complains.

6.      On September 18, 2018, Ms. Brooks received a Notice of Right to Sue.

7.      Ms. Brooks brings this suit within ninety (90) days of the receipt of her
Notice of Right to Sue.

**The Parties**

8.      Ms. Brooks is a citizen of the United States and a resident of the State
of Georgia.  Ms. Brooks submits herself to the jurisdiction of this Court.

9.      Ms. Brooks is and, at all times relevant hereto, was an individual with
a disability as that term is defined by 42 U.S.C. § 12102(1).

10.      Ms. Brooks is a person with a disability because she has actual physical
impairments – Postural Orthostatic Tachycardia Syndrome ("POTS") and
Inappropriate Sinus Tachycardia ("IST") – which cause substantial limitations in
one or more major life activities, because she has a record of impairment, and
because BridgeWay regarded her as having an impairment.

11.      Ms. Brooks is capable of performing the essential functions of her job

with an accommodation.

12.    Defendant BridgeWay is a hospice corporation sited in Cobb County, Georgia, organized under the laws of the State of Georgia and is, therefore, subject to jurisdiction in Georgia.

13.    BridgeWay is an employer engaged in commerce or in an industry affecting commerce within the meaning of the ADA and has employed more than 15 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year.

14.    BridgeWay may be served with summons and a copy of this Complaint by delivering process to its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

## Statement of Facts

15.    Ms. Brooks began employment with BridgeWay as a Registered Nurse Case Manager on August 29, 2017.

16.    Ms. Brooks has 20 years' experience as a Registered Nurse.

17.    During Ms. Brooks' employment with BridgeWay, she paid monthly premiums for the BridgeWay short-term disability benefit.

18.    Ms. Brooks has and, at all relevant times, had cardiac conditions –

POTS and IST – that limit one or more major life activities.

19.     BridgeWay was aware of Ms. Brooks' cardiac conditions when she was hired.

20.     During her tenure with BridgeWay, Ms. Brooks experienced multiple issues with the technology systems used by BridgeWay.

21.     Many of Ms. Brooks' charts disappeared from the iPad she used, and Ms. RoxAnn Miller, the office manager, told Ms. Brooks to request administrative days to reenter the charts that were lost.

22.     When Ms. Brooks requested these administrative days from her immediate supervisor, Ms. Carol Peters, the clinical manager, Ms. Peters denied her request.

23.     The charts continued to disappear, and Ms. Brooks continued to notify Ms. Peters about the technology issues.

24.     Ms. Peters told Ms. Brooks to call the software provider and work the technology problems out on her own.

25.     Ms. Brooks was written up for the charting issues on October 11, 2017, but when she spoke with Barbara Rasmussen, the CEO and owner of BridgeWay, about the technological issues, Ms. Rasmussen confirmed that it was not Ms.

Brooks' responsibility and Ms. Rasmussen told Ms. Brooks that the write-up would be removed.

26.    The write-up was removed from Ms. Brooks' personnel file and BridgeWay said it would order her a new iPad but never did.

27.    On November 10, 2017, Ms. Brooks collapsed while at home and was taken to the emergency room.

28.    Ms. Brooks' physician placed her on bed-rest until she could attend a follow-up appointment with her heart surgeon.

29.    Upon learning this information, Ms. Brooks texted Ms. Peters to inform her of the medical situation and her subsequent need for leave.

30.    Ms. Brooks contacted BridgeWay every day between her medical incident on November 10, 2017, and her appointment with her heart surgeon on November 20, 2017.

31.    Ms. Brooks also attended to all her assigned patients, unless she was called away or on medical leave, at which time a Licensed Practical Nurse or the on-call or weekend nurses would see the patients.

32.    On November 15, 2017, Ms. Brooks told Human Resources Director Debra Nobles that she might need to use short-term disability.

33.     Ms. Nobles told Ms. Brooks to contact BridgeWay's insurance broker and that she was not qualified for FMLA leave.

34.     Ms. Nobles told Ms. Brooks that her absences were unexcused and that she would need to provide a doctor's note on November 20, 2017.

35.     During the November 20, 2017 appointment, Ms. Brooks' heart surgeon completed short-term disability paperwork.

36.     Later that day, Ms. Brooks provided this paperwork to Ms. Nobles and Ms. Peters.

37.     Ms. Nobles informed Ms. Brooks that she had already received the short-term disability documentation.

38.     Later that day Ms. Nobles contacted Ms. Brooks and terminated her employment for allegedly violating BridgeWay's attendance policy.

39.     BridgeWay acted willfully in its discrimination and retaliation against Ms. Brooks, violating her federally protected rights, when BridgeWay terminated Ms. Brooks instead of providing her with a necessary accommodation for her disability.

40.     Additionally, and in the alternative, BridgeWay acted with reckless disregard for Ms. Brooks and her federally protected rights.

41.     The effect of BridgeWay's above-stated actions has been to deprive Ms. Brooks of employment opportunities, income in the form of wages, prospective employment benefits, including social security and other benefits to which she would have been entitled but for BridgeWay's illegal actions.

42.     The effect of BridgeWay's above-stated actions has also caused Ms. Brooks to suffer out-of-pocket losses and mental and emotional distress for which she seeks redress.

## COUNT I
## Violation of ADA – Regarded as Disabled

43.     Ms. Brooks incorporates by reference all the preceding paragraphs of the Complaint.

44.     At all times relevant hereto, BridgeWay has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the Americans with Disabilities Amendments Act.

45.     At all times relevant hereto, Ms. Brooks was an individual with a disability as defined under the ADA, 42 U.S.C. § 12102 (1)(C) because BridgeWay regarded her as a person with an impairment as defined by the Act.

46.     Moreover, at all times relevant hereto, Ms. Brooks has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8) and able

to perform the essential functions of the job.

47.   BridgeWay terminated Ms. Brooks because it regarded her as disabled.

48.   BridgeWay's actions violated Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

49.   As a direct and proximate result of Bridgeway's intentional discrimination, Ms. Brooks has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

50.   BridgeWay's actions have caused and continue to cause Ms. Brooks to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

## COUNT II
## Actual Discrimination and Failure to Accommodate in Violation of ADA

51.   Ms. Brooks incorporates by reference all the preceding paragraphs of the Complaint.

52.   At all times relevant hereto, BridgeWay has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the Americans with Disabilities Amendments Act.

53.    At all times relevant hereto, Ms. Brooks was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102 (1)(A).

54.    BridgeWay was aware of Ms. Brooks' disabilities and history and record of disability.

55.    At all times relevant hereto, Ms. Brooks has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8) and able to perform the essential functions of her job.

56.    Ms. Brooks' disabilities substantially limit one or more major life activities.

57.    Ms. Brooks requested accommodation from BridgeWay relating to her disabilities: short-term disability to cope with symptoms stemming from her POTS and IST.

58.    BridgeWay refused to grant Ms. Brooks medical leave and terminated her employment because of her disabilities.

59.    BridgeWay's actions amount to a violation of Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability and requires reasonable accommodation for disabilities.

60.    As a direct and proximate result of the BridgeWay's intentional

-10-

discrimination, Ms. Brooks has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

61.    BridgeWay's actions have caused, continue to cause, and will cause Ms. Brooks to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

## COUNT III
## Retaliation in Violation of the ADA

62.    Ms. Brooks incorporates by reference all the preceding paragraphs of the Complaint.

63.    At all times relevant hereto, BridgeWay has been subject to the requirements of Title I of the ADA.

64.    At all times relevant hereto, Ms. Brooks was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102 (1)(A).

65.    In November 2017, Ms. Brooks engaged in protected activity under the ADA when she informed her supervisor and HR representative that she would need short-term disability to accommodate symptoms of her POTS and IST.

66.     BridgeWay refused to grant Ms. Brooks' request for accommodation and terminated her employment in retaliation for requesting an accommodation in violation of the ADA.

67.     BridgeWay's actions in retaliating against Ms. Brooks following her requests for a reasonable accommodation were committed with reckless disregard for her right to be free from retaliatory treatment because of her opposition to discriminatory practices in violation of the ADA.

68.     The effect of BridgeWay's above-mentioned conduct has been to deprive Ms. Brooks of equal employment opportunities and benefits due to him because of his willingness to oppose such discriminatory practices.

69.     The actions taken against Ms. Brooks by BridgeWay have caused her to suffer both monetary and non-monetary damages.

70.     Accordingly, Ms. Brooks is entitled to the equitable and monetary relief set forth in the following prayer for relief for the BridgeWay's violation of her rights under the ADA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and that the following relief be granted:

(a)     Issue a declaratory judgment that BridgeWay's acts, policies, practices, and procedures complained of herein violated Ms. Brooks' rights as secured under the ADA;

(b)     Grant to Ms. Brooks judgment in her favor and against BridgeWay under all counts of this Complaint;

(c)     Order BridgeWay to make Ms. Brooks whole by providing for her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of BridgeWay's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(d)     Order that Ms. Brooks be reinstated or, in the alternative, be awarded front pay;

(e)     Order BridgeWay to compensate Ms. Brooks for mental and emotional damages suffered as a result of BridgeWay's unlawful and discriminatory acts;

(f)     Grant to Ms. Brooks punitive damages for BridgeWay's willful and intentional violations of the ADA as provided by 42 U.S.C. § 12117(a)(as amended)

(g)     Grant to Ms. Brooks a jury trial on all issues so triable;

(h)     Grant to Ms. Brooks her reasonable attorney's fee and reasonable expert witness fees together with any and all other costs associated with this action as provided by the ADA, 42 U.S.C. § 12205; and

(i)     Grant such additional monetary and equitable relief as the Court deems proper and just.

Respectfully submitted this 11th day of December 2018,

**LEGARE, ATTWOOD & WOLFE, LLC**

s/ Cheryl B. Legare
Georgia Bar No. 038553
cblegare@law-llc.com

125 Clairemont Avenue, Suite 380
Decatur, Georgia 30030
Tel: (470) 823-4000 | Fax: (470) 201-1212

Counsel for Plaintiff

-14-